**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000153**
**01-OCT-2012**
**08:41 AM**

NO. CAAP-12-0000153

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KE KAILANI DEVELOPMENT LLC, a Hawai'i limited liability company
and MICHAEL J. FUCHS, Plaintiffs-Appellants,
v.
KE KAILANI PARTNERS LLC, a Hawai'i
limited liability company; HAWAI'I RENAISSANCE BUILDERS LLC, a
Delaware limited liability company registered in Hawai'i; et al.,
Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50, et at., Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-1577-07)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record on appeal, it appears that we
do not have jurisdiction over this appeal that Plaintiffs-
Appellants Ke Kailani Development, LLC, and Michael J. Fuchs
(Appellants) have asserted from the Honorable Bert I. Ayabe's
December 19, 2011 judgment, because the December 19, 2011
judgment does not satisfy the requirements for an appealable
final judgment under Hawaii Revised Statutes (HRS) 641-1(a) (1993

& Supp. 2011), Rules 54(b) and 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338.

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

<u>Id.</u> (emphases added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

<u>Id.</u> at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added). When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, <u>on its face</u>, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." <u>Id.</u> (original emphasis). The finding necessary for certification is "an express determination that there is no just reason for delay . . . for the entry of judgment." HRCP Rule 54(b). Therefore, when a party seeks appellate review of an order that adjudicates one or more but fewer than all of the claims, the "party cannot appeal from [the] circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and <u>the [HRCP Rule] 54(b) certification language must be contained therein</u>." <u>Oppenheimer v. AIG Hawaii Ins. Co.</u>, 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994) (emphasis added).

The December 19, 2011 judgment does not resolve all claims against all parties in this case. For example, although the December 19, 2011 judgment enters judgment in favor of most of the defendants and against the Appellants as to the Appellants' July 27, 2011 complaint, the December 19, 2011 judgment neither enters judgment on nor expressly dismisses the Appellants' July 27, 2011 complaint as to one of the named

defendants, namely Defendant-Appellee George Van Buren. Furthermore, the December 19, 2011 judgment neither enters judgment on nor expressly dismisses the Appellants' November 4, 2011 amended complaint. Therefore, the December 19, 2011 judgment does not resolve all claims against all parties in this case. Neither does the December 19, 2011 judgment contain an express finding of no just reason for delay in the entry of judgment on one or more but fewer than all claims pursuant to HRCP Rule 54(b). Therefore, under the circumstances, the December 19, 2011 judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58, and the holding in <u>Jenkins</u>. Absent an appealable final judgment in this case, the Appellants' appeal is premature and we lack jurisdiction over Appeal No. CAAP-12-0000153.

IT IS HEREBY ORDERED that Appeal No. CAAP-12-0000153 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, October 1, 2012.

Presiding Judge

Associate Judge

Associate Judge

-4-